IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

PATRICIA B. MILLS,                              )
ADMINISTRATOR OF THE ESTATE                     )   Case No. 4:05-CV-00059
OF BRIAN LEE MILLS, DECEDENT                    )
                                                )
                                                )   **MEMORANDUM OPINION**
                        Plaintiff,              )
                                                )
v.                                              )   By: Jackson L. Kiser
                                                )        Senior United States District Judge
TERRENCE D. SANDERS, AND                        )
SCHNEIDER NATIONAL CARRIERS,                    )
INC.                                            )
                                                )
                        Defendants.             )

Before this Court is the Plaintiff's *Motion for Enlargement of Time to Respond to*

*Defendants' Motion for Summary Judgment* [33].  For the reasons stated herein, the Plaintiff's

*Motion* is hereby **granted.**

I.      **PROCEDURAL BACKGROUND**

This case was originally filed in the Circuit Court for the County of Mecklenburg on

December 13, 2004.  On September 15, 2005 this case was removed to the United States District

Court for the Eastern District of Virginia, and the venue of this case was transferred to this Court

on October 20, 2005.

A *Pre-Trial Order* [10] was entered by this Court in this case on October 20, 2005.  The

fourth paragraph of the *Pre-Trial Order* states:

> Briefs in opposition must be filed within 14 days of the date of service of the movant's
> brief (or within 14 days of this Order if a motion and brief have been served prior to this
> Order). **EXCEPT FOR GOOD CAUSE SHOWN, IF BRIEFS IN OPPOSITION TO
> THE MOTIONS ARE NOT FILED, IT WILL BE DEEMED THAT THE MOTION**

-1-

**IS WELL TAKEN.**

On December 30, 2005 the Defendants in this case filed a *Motion for Summary Judgment* [24]. Pursuant to the *Pre-Trial Order,* the Plaintiff had a duty to respond to the Defendants' *Motion* on or before January 13, 2006 and failed to respond within that time. On January 20, 2006 the Defendants filed a letter [26] requesting that this Court accept their *Motion* as well taken and grant the Defendants' *Motion for Summary Judgment.*. On January 24, 2006 the Plaintiff filed a *Motion for Enlargement of Time to Respond to Defendant's Motion for Summary Judgment* [33]. On January 25, 2006 the Defendants filed a *Memorandum in Opposition to Motion for Enlargement of Time to Respond to Motion for Summary Judgment* [36].

## II.    STATEMENT OF LAW

The Fourth Circuit in *Doyle v. Murray*, 938 F.2d 33, 34 (1991), stated:

. . . we note that "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962). Rule 41(b) of the Federal Rules of Civil Procedure provides an explicit basis for this sanction. It is also true, however, that the sanction of dismissal, when used to punish attorney misbehavior, is only appropriate in the most egregious cases. In order to insure that sanctions be fixed in proportion to the severity of a party's or lawyer's misconduct, this court has laid down a four-part analysis courts should consider before levying the sanction of dismissal. A court must balance: (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a "drawn out history of deliberately proceeding in a dilatory fashion," and (4) the existence of sanctions less drastic than dismissal. *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989), quoting *Chandler Leasing Corp. V. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982).

The Supreme Court in *Link v. Wabash R.R.*, further states:

The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. . . The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. 370 U.S. 626, 629 – 631 (1962).

-2-

The Fourth Circuit in *Herbert v. Saffell*, directed that "A dismissal with prejudice [under Rule 41(b)] is a harsh sanction which should not be invoked lightly in view of the 'sound public policy of deciding cases on their merits.'" 877 F.2d 267, 269 - 270 (1989), quoting *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978).

Finally, Rule 41(b) of the *Federal Rules of Civil Procedure* states:

Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a part under Rule 19, operates as an adjudication upon the merits.

## III.    DISCUSSION

In the Plaintiff's *Motion for Enlargement of Time to Respond to Defendants' Motion for Summary Judgment*, the Plaintiff's counsel states the following in her attempt to show good cause for why she failed to comply with the *Pre-Trial Order* in this case:

Due to numerous holidays, (New Year's Day, Martin Luther King day [sic], Robert E. Lee Day), a busy trial practice, and the necessity to review information taken in depositions and without the possession of deposition transcripts, the Response to the Motion for Summary Judgment and accompanying brief was not completed until January 23, 2006.

The Plaintiff's counsel also alleges that because this case is not set for trial until July 2006, the Defendants would not be prejudiced if this Court grants her *Motion*.

The Defendants respond by arguing that the Plaintiff should have filed her *Motion* before the time ran for her to file a response to the Defendants' *Motion for Summary Judgment,* i.e. on or before January 13, 2006. The Defendants further allege that the Plaintiff has provided no compelling evidence to suggest that she could not have filed her *Motion for Enlargement of Time*

-3-

on or before January 13, 2006. The Defendants conclude their *Response* by arguing that the Plaintiff's *Motion* should be denied because the Plaintiff has presented no compelling reason to allow for an extension of time for filing a *Response*, and because the Plaintiff's *Motion for Enlargement of Time* was itself untimely filed.

In this case, the *Pre-Trial Order* gives the Plaintiff fair warning that I may accept the Defendants' *Motion for Summary Judgment* as well taken because she failed to respond to the *Motion* during the time prescribed by the *Pre-Trial Order*. I also, however, recognize the Fourth Circuit's directive that "the sanction of dismissal, when used to punish attorney misbehavior, is only appropriate in the most egregious cases." *See*, *Doyle v. Murray*, 938 F.2d 33, 34 (1991). Therefore, "in order to insure that the sanctions" in this case "be fixed in proportion to the severity of a party's or lawyer's misconduct," I will apply the "four-part analysis [that] courts should consider before levying the sanction of dismissal." *Id*. As stated above, the Fourth Circuit directs me to balance: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of sanctions less drastic than dismissal." *Id.*, *citing, Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989), quoting *Chandler Leasing Corp. V. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982).

First, it appears that the Plaintiff's counsel, and not the Plaintiff herself, is at fault for failing to respond timely in this case. Nothing in the Plaintiff's *Motion for Enlargement of Time to Respond* lays blame on the Plaintiff, so I can only assume that the Plaintiff's counsel is to blame for the tardiness. The same counsel who now represents the Plaintiff represented the Plaintiff on October 20, 2005 when the *Pre–Trial Order* was issued in this case. The Plaintiff's

-4-

counsel, who had knowledge of the deadlines, failed to respond to the detriment of the Plaintiff.

Secondly, allowing the Plaintiff more time to respond to the Defendants' *Motion for Summary Judgment* will not unduly prejudice the Defendants in this case. As the Plaintiff points out in her *Motion for Enlargement of Time to Respond*, the trial in this case is set for July 24, 2006. The Plaintiff has already filed a Response to the Defendants' *Motion for Summary Judgment* and the Defendants have filed a *Reply in Support of their Motion for Summary Judgement*. With the trial six months away and with the briefs already filed, I find that allowing the Defendants' *Motion for Summary Judgment* to proceed on its merits would not unduly prejudice the Defendants.

Furthermore, I believe that dismissing this case could cause the Defendants more prejudice in this case than allowing the parties to proceed with regard to the Defendants' *Motion for Summary Judgement*. This case was originally brought in the Circuit Court for the County of Mecklenburg. Subsequently the case was removed by the Defendants to the U.S. District Court for the Eastern District of Virginia, and then venue was transferred to this Court – the U.S. District Court for the Western District of Virginia. If I were to dismiss this case without prejudice, which Federal Rule of Civil Procedure 41(b) allows, the dismissal could lead to the Plaintiff re-filing this case in the Circuit Court for the County of Mecklenburg. A re-filing of this case could require the Defendants, if they would so choose, to follow the same laborious and time-consuming procedural steps to bring this case back to its current status before this Court. Even the mere possibility that such a chain of events could occur in this case weighs heavily in favor of granting the Plaintiff's *Motion*.

With regard to the third step in the Fourth Circuit's analysis, I find no evidence proffered

by either party alleging that the Plaintiff or her counsel have a drawn out history of deliberately proceeding in a dilatory fashion – in this case or in any other cases.

Finally, there are sanctions less drastic than dismissal available to this Court for disciplining the Plaintiff's counsel in this case. While I am deciding herein that dismissal of this case is too drastic of a sanction, I am reserving my ability to issue monetary sanctions against the Plaintiff's counsel for failing to comply with this Court's *Pre-Trial Order*. The *Pre-Trial Order* in this case must mean something, so I reserve the right to sanction the Plaintiff's counsel for failing to abide by that *Order*.

The sanction of dismissal should be reserved for the most egregious acts by a Plaintiff. In this case, the Plaintiff does not appear to be personally responsible for her lawyer's untimely response. Allowing this case to proceed concerning the Defendants' *Motion for Summary Judgment* will not unduly prejudice the Defendants; in fact dismissing the case could potentially prejudice the Defendants to a greater degree. No one in this case is alleging that the Plaintiff or her counsel have a drawn out history of deliberately proceeding in a dilatory fashion. Finally, I reserve my right to issue monetary sanctions against the Plaintiff's counsel in this case. For these reasons, the Plaintiff's *Motion for Enlargement of Tim to Respond to Defendants' Motion for Summary Judgment* shall be granted.

## IV. CONCLUSION

For these reasons stated herein, the Plaintiff's *Motion for Enlargement of Tim to Respond to Defendants' Motion for Summary Judgment* shall be granted.      .

The Clerk of the Court is hereby directed to send a certified copy of this *Memorandum*

*Opinion* and the accompanying *Order* to all counsel of record.


       Entered this <u>1</u><sup>st</sup> day of February, 2006.

s/Jackson L. Kiser              
Senior United States District Judge
