IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| PATRICIA B. MILLS, ADMINISTRATOR OF THE ESTATE OF BRIAN LEE MILLS, DECEDENT | Case No. 4:05-CV-00059 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | By: Jackson L. Kiser |
| TERRENCE D. SANDERS, AND SCHNEIDER NATIONAL CARRIERS, INC. | Senior United States District Judge |
| Defendants. | |

Before this Court is the Defendants' *Motion for Summary Judgment*. Oral argument on the Defendants' *Motion* was held on March 20, 2006 and the *Motion* is now ripe for judgment. For the reasons stated below, the Defendants' *Motion* will be **granted.**

### I. PROCEDURAL BACKGROUND

This case was originally filed in the Circuit Court for the County of Mecklenburg on December 13, 2004. This is a wrongful death action brought by Patricia Mills, as administrator of the estate of the decedent Brian Mills ("Mills"), on behalf of the estate of Brian Mills. On September 15, 2005 this case was removed to the U. S. District Court for the Eastern District of Virginia and the venue of this case was then transferred to this Court on October 20, 2005.

On December 30, 2005 the Defendants in this case filed a *Motion for Summary Judgment*. Pursuant to the *Pre-Trial Order,* the Plaintiff had a duty to respond to the Defendants' *Motion* on or before January 13, 2006 and failed to respond within that time. On January 20, 2006 the Defendants filed a letter requesting that this Court accept their *Motion* as

-1-

well taken and grant the Defendants' *Motion for Summary Judgment*.  On January 24, 2006 the Plaintiff filed a *Response* and a *Motion for Enlargement of Time to Respond to Defendant's Motion for Summary Judgment*.  On January 25, 2006 the Defendants filed a *Response in Opposition*, and on January 27, 2006 the Plaintiff filed a *Reply*.  On February 1, 2006 this Court entered an *Order* and *Memorandum Opinion* granting the Plaintiff's *Motion for Enlargement of Time*.  Oral argument on the Defendants' *Motion for Summary Judgment* was held before this Court on March 20, 2006.

## II.   STATEMENT OF FACTS

This case arises out of a motor vehicle accident that occurred in Charlotte County, Virginia on July 13, 2003.  Prior to the accident, the decedent Mills went to a party where he consumed alcohol.  Mills and his friends left the party and went to Sav-U-Time Restaurant.  While at the restaurant Mills left his friends and began walking west on Route 360.  Mills' friend, Deon Hatcher, chased Mills down in his car and tried to pick him up, but Mills refused to get in Hatcher's car and ran into the woods.

At that time, Defendant Terrance Sanders ("Sanders"), who was employed by Defendant Schneider National Carriers, Inc. ("Schneider"), was driving a tractor-trailer in the right lane of Route 360 west.  At approximately 12:50 AM, Sanders drove in the right lane and went past Save-U-Time Restaurant.  Sanders passed a portion of the road where there were large trees and an embankment next to the road.  At this point, Sanders ran into and killed Mills.  Sanders then quickly braked and brought his tractor trailer to a stop.  A forensic scientist working for the Commonwealth of Virginia Department of Forensic Science found that the decedent's blood alcohol level was .30% after the accident. A report by James Moore from the Commonwealth of

Virginia Department of Health, Office of the Chief Medical Examiner, shows that the front of the decedent's body was impacted by the Defendants' truck; that is, the Defendants' truck did not impact the decedent from behind.

## III. STATEMENT OF LAW

Summary judgment is appropriate where no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 813 (1994); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987). Nevertheless, where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV. DISCUSSION

This case is before this Court based on the parties' diversity of citizenship, therefore I must apply the substantive law of Virginia – the place where the accident occurred. In this case, the Plaintiff has the burden of producing evidence of "preponderating weight" from which the jury could find that the defendants were guilty of negligence which was a proximate cause of the accident. *Weddle v. Draper*, 204 Va. 319, 322 (1963). The evidence in this case "must prove more than a probability of negligence and any inference therefrom must be based on facts, not on

presumptions." *Id.* Furthermore, "[i]t is incumbent on the plaintiff who alleges negligence to show why and how the accident happened, and if that is left to conjecture, guess or random judgment, [s]he cannot recover." *Id.*

The Virginia Supreme Court has also held that "[i]njury alone is not sufficient to support an action for damages arising from the alleged negligence of a defendant . . . There must be a concurrence of wrong and injury, and the negligence of the alleged wrongdoer must be the cause of the injury." *Railroad Company v. Mullins*, 207 Va. 207, 212 – 213 (1966). Furthermore, in the absence of any evidence of negligence, the alleged wrongdoer is presumed free from negligence." *Id.* at 213.

In their *Memorandum in Response,* the Defendants cite a Virginia Supreme Court case that involved facts similar to those in this case. In *Arnold v. Wood*, the Plaintiff's decedent was walking along a highway when he was struck and killed by a truck owned by the Defendant. 173 Va. 18 (1939). The Plaintiff then brought a wrongful death action against the truck's owners and driver alleging that the driver's negligence proximately caused the decedent's death; the driver was the only witness of the accident who remained alive at the time of trial. The driver in *Arnold* told the investigating officer that the decedent was walking on the west side of the road and as the truck came abreast to him, the decedent "made a run and lunged himself beneath the wheels of the truck." *Id.* at 22 - 23. The Court then stated that even if it did not believe the truck driver's statements, there was no evidence as to why or how the accident happened. *Id.* at 24. In the absence of more facts explaining why or how the accident happened, the plaintiff failed to meet her burden of proof. *Id.* Specifically, the Court stated:

[W]hen liability depends upon carelessness or fault of a person, or his agents, the right of

-4-

Case 4:05-cv-00059-JLK-mfu   Document 48   Filed 03/24/06   Page 4 of 7   Pageid#: 303

recovery depends upon the same being shown by competent evidence, and it is incumbent upon such a plaintiff to furnish evidence to show how and why the accident occurred – some fact or facts by which it can be determined by the jury, and not be left to conjecture, guess, or random judgment, upon mere supposition, without a single known fact. *Id.*

As a result, the Court in *Arnold* ruled that this was either a plain case of suicide, or there was no evidence as to why or how the accident happened. *Id.* The holding by the Virginia Supreme Court in *Arnold* is readily applicable in the instant case. The Plaintiff has not presented evidence of preponderating weight to prove that the Defendants in this case were negligent. The Plaintiff has presented evidence through the affidavit of Zoltan Phillips, IV, an alleged private investigator retained by the Plaintiff, and through the affidavit of Richard Young, an alleged expert witness retained by the Plaintiff. In both affidavits, the affiants cite physical evidence as proof that the Defendant Sanders acted negligently in the moments leading up to the decedent's death. The Plaintiff does not establish in either affidavit that either affiant is an accident reconstruction expert. Therefore this Court has no basis on which to accept the opinion of either affiant as an expert opinion. The statements proffered by the Plaintiff's affiants are not evidence on which this Court can rely in attempting to find a triable issue in this case; the affiants have merely commented on the physical facts of the case without having any personal knowledge or expert opinion about the actual point where the Defendants' truck impacted the decedent. Assuming arguendo that the statements from the affidavits are reliable, the Plaintiff has only presented the following evidence: skid marks made by Defendant Sanders' truck outside the right lane of traffic at the accident site, the damaged front right headlight casing of the Defendants' truck, and the ultimate resting place of the decedent's body right of the road.

Virginia State Police Trooper J.D. Gregory, who investigated the accident, put in his

report that the skid marks were post-impact; Trooper Gregory swore that his report was true in an affidavit. Defendant Sanders also testified in an affidavit that he did not apply the brakes until after he struck Mills. Even if Trooper Gregory and Defendant Sanders had not testified that the skid marks were post-impact, the skid marks by themselves are not evidence of preponderating weight that the Defendant Sanders acted negligently in the moments leading up to the decedent's death.

Additionally, evidence of the truck's damaged right headlight casing is not evidence of preponderating weight that the Defendant Sanders acted negligently. The Plaintiff and the Defendants agree that Mills was struck by the right side of the Defendant Sanders' truck. The damaged headlight casing may be evidence of this fact, but it does not suffice as evidence that the Defendant Sanders was negligent in the moments leading up to the decedent's death.

Furthermore, the ultimate resting place of the decedent's body is not evidence of preponderating weight that the Defendant Sanders acted negligently. The Defendants argue that the disparity of weight and speed of the truck compared with the decedent's body prevents the ultimate resting place of the decedent's body after impact from being evidence of where or how the decedent was impacted. I agree. The fact that the decedent's body was found down over an embankment several feet away from and to the right of the road is not evidence of preponderating weight that the Defendant Sanders acted negligently in the moments leading up to the decedent's death.

The Plaintiff is correct that the evidence presented by the Defendants, that the Defendants did not act negligently, must be corroborated based on the Virginia Dead Man's Statute. See, *Virginia Code Section* §8.01-397. However, the Defendants in this case have no burden to prove

that they *were not* negligent; instead, the burden of proving that the Defendants *were* negligent lies solely with the Plaintiff.

In this case, the Plaintiff has not met her evidentiary burden. The Plaintiff has presented no evidence of preponderating weight that the Defendant Sanders was not keeping a proper lookout, that he failed to see the deceased, that he was proceeding at a reckless or unlawful rate of speed, or that he did not have his truck under control. The Plaintiff has not produced evidence of preponderating weight from which a reasonable jury could find that the Defendants were guilty of negligence which was a proximate cause of the accident in question. Even when the facts of this case are viewed in the light most favorably to the Plaintiff, there is no triable issue of fact in this case.

## V.     CONCLUSION

For these reasons stated above, the Defendants' *Motion for Summary Judgment* shall be granted.

The Clerk of the Court is hereby directed to send a certified copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record.

Entered this 24th day of March, 2006.

s/Jackson L. Kiser
Senior United States District Judge